UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

FRANK A. RUBINO, ESQ, P.A.,

    Plaintiff,

v.                                                                                          Case No.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

To:    The Judges of the United States District Court
        Southern District of Florida, Miami Div.

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), hereby removes the above-captioned action currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-00503-CA-01 (the "State Court Action"), to the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Chase hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). Chase will provide evidence to support the allegations of this paper as required in response to any challenge to the Court's jurisdiction.

As shown below, this Court has original subject matter jurisdiction over this matter because (a) the parties are completely diverse, and (b) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, *see* 28 U.S.C. §§ 1332(a), 1441(b). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Counsel for Plaintiff and filed with the Miami-Dade County Circuit Court in the State Court Action. In support hereof, Chase states as follows:

1. On March 20, 2024, Plaintiff, Frank A. Rubino, Esq, P.A. ("Plaintiff"), commenced this action by filing a Complaint in the State Court Action in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

2. Chase was served with the Summons and Complaint on March 29, 2024. A true and correct copy of the Summons and Complaint are attached hereto as **Composite Exhibit "A"**.

3. All other pleadings and papers that have been filed in the State Court Action other than the Summons and Complaint are attached hereto as **Composite Exhibit "B"**. Within the meaning and intent of 28 U.S.C. § 1446, the documents contained in Composite Exhibits "A" and "B" constitute all process, pleadings, and orders filed to date in the State Court Action.

4. Removal to this Court is proper because: (a) the State Court Action is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida; (b) pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days from the date of Chase's receipt of the initial pleading; and (c) this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is between citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

A. **The Diversity of Citizenship Requirement is Satisfied.**

5. The parties to this action are citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1).

6. For purposes of diversity jurisdiction, a professional association like Plaintiff is a citizen of every State in which any of the members of the professional association are citizens. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010); *Oasis Capital, LLC v. Neason, Yeager, Gerson, Hariss & Fumero, P.A.*, 22-81913-CIV, 2023 WL 6534490, at *1 (S.D. Fla. Feb. 15, 2023).

7. Plaintiff has alleged that it is a "Florida corporation doing business in Miami-Dade County, Florida." *See* Compl. ¶ 2. Further, online records reviewed by Chase indicate that Frank A. Rubino is the only member of Plaintiff, and Frank A. Rubino is a Florida citizen. Accordingly, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

8. Pursuant to 28 U.S.C. § 1348, "all national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." Further, "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, Nat'l Association v. Schmidt, et al.*, 546 U.S. 303 (2006); *see also Arthur v. JP Morgan Chase Bank, NA et al.*, 569 F. App'x. 669, 673 (11th Cir. 2014); *Orton v. Mathews*, 572 F. App'x. 830, 832 (11th Cir. 2014). Chase is, and was at the time the State Court Action was filed, a national banking association, organized under the laws of the United States, with its main office, as designated in its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purpose of diversity jurisdiction.

9. Plaintiff names as an additional Defendant, John Doe. Plaintiff alleges John Doe is, "upon information and belief," a resident of Miami-Dade County, Florida. *See* Compl. ¶ 4. The removal statute, however, provides that "[i]n determining whether a civil action is removable …, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Moreover, the Eleventh Circuit Court of Appeals has held that "[e]ven if 'the fictitious defendants were likely' not diverse, their citizenship must 'be disregarded for purposes of diversity jurisdiction.'" *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (quoting *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011)). Accordingly, John Doe's citizenship must be disregarded for purposes of diversity.

10. Thus, because Plaintiff is a citizen of Florida and Chase is a citizen of Ohio, there is complete diversity of citizenship between the parties.

### B. The Amount in Controversy Requirement Is Satisfied.

11. Plaintiff's Complaint seeks damages against Chase arising out of an "email hacker" sending fraudulent wire instructions to Plaintiff's client and causing Plaintiff's client to send funds intended for Plaintiff to the hacker instead. Plaintiff alleges that the wire transfer totaled $100,000. *See* Compl. ¶¶ 8-10.

12. Based on the allegations in the Complaint, the amount in controversy exceeds $75,000, as Plaintiff alleges that it suffered damages totaling $100,000. Compl. ¶¶ 6, 15, 23-24.

### C. All Other Removal Prerequisites Have Been Satisfied.

13. This Notice of Removal is timely filed because it has been filed within thirty (30) days of Chase's receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

14. Removal to this Court is proper because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. 28 U.S.C. § 1446(a).

15. This action is not a non-removable action as described under 28 U.S.C. § 1445.

16. In accordance with 28 U.S.C. § 1446(d), Chase will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and will file a Notice of Filing this Notice of Removal with the Clerk of the Circuit Court of Miami-Dade County, Florida in the State Court Action.

### RESERVATION OF ALL RIGHTS AND DEFENSES

17. In removing this action, Chase does not intend to waive any rights or defenses to which it is otherwise entitled, including, but not limited to, those set forth in Federal Rules of Civil

Procedure 12(b) and 13. Chase further reserves the right to supplement this Notice of Removal and/or present additional arguments in support of removal, if necessary.

## CONCLUSION

18.     Removal of this case is timely and appropriate. This civil action is between a citizen of the State of Ohio and a citizen of Florida, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

**WHEREFORE**, Chase removes the State Court Action to this Court based on 28 U.S.C. § 1332(a), and requests that this Court take jurisdiction over this matter to its conclusion and final judgment in accordance with the law.

DATED this 29th day of April, 2024.

Respectfully Submitted,

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone:  (407) 420-1000
Facsimile:   (407) 420-5909

By: */s/ Courtney M. Keller*
    Courtney M. Keller, Esquire
    Florida Bar No. 028668
    Savannah Young, Esquire
    Florida Bar No. 1031408
    Email:   kellerc@gtlaw.com
              youngsa@gtlaw.com
              nef-iws@gtlaw.com
              FLService@gtlaw.com

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2024 I electronically filed the foregoing **Defendant's Notice of Removal**, through the Court's CM/ECF system, which will send an electronic copy to the following:

Richard J. Diaz, Esquire
Richard J. Diaz, P.A.
3127 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Email: rick@rjdpa.com
*Counsel for Plaintiff*

                                                /s/ Courtney M. Keller
                                                Courtney M. Keller