

**CT Corporation**
**Service of Process Notification**
03/29/2024
CT Log Number 546095450

## Service of Process Transmittal Summary

**TO:**  Tonya Anderson
JPMorgan Chase Bank, N.A.
700 KANSAS LN
MONROE, LA 71203-4774

**RE:**  **Process Served in Florida**

**FOR:**  JPMorgan Chase Bank, N.A.  (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FRANK A. RUBINO, ESQ, P.A. vs. JP MORGAN CHASE BANK, N.A |
| **CASE #:** | 2024005003CA01 |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/29/2024 at 15:36 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2024, Expected Purge Date: 04/28/2024 |
| | Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-564-7529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

## Composite Exhibit "A"



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Mar 29, 2024
**Server Name:**                             Frank Colon

| | |
|---|---|
| Entity Served | JPMORGAN CHASE BANK, N.A. |
| Case Number | 2024 005003 CA 01 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



. Filing # 194502007 E-Filed 03/21/2024 09:41:05 AM

| ☐ IN THE CIRCUIT COURT IN AND FOR DADE COUNTY, FLORIDA<br>☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA | | |
|---|---|---|
| **DIVISION**<br>☐ CIVIL DIVISION<br>☐ OTHER | **SUMMONS** | **CASE NUMBER**<br><br>2024-005003-CA-01 |
| **PLAINTIFF(S)**<br><br>Frank A. Rubino, Esq., P.A. | **vs.   DEFENDANT(S)**<br><br>JP Morgan Chase Bank, N.A. and<br>John Doe, individually | **CLOCK IN**<br><br>3-29. 2023<br>1:058<br># 593 |

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the **Complaint**, to this action on defendant(s) :

### JP MORGAN CHASE BANK, N.A. Served By Registered Agent CT CORPORATION SYSTEM
### 1200 S PINE ISLAND RD
### PLANTATION, FL 33324

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney:
**Richard J. Diaz.**

whose address is: **3127 Ponce de Leon Blvd., Coral Gables, FL  33134.**

Within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

3/21/2024

JUAN FERNANDEZ-BARQUIN
CLERK OF COURTS          BY:_____
                        DEPUTY CLERK

DATE

| | | |
|---|---|---|
| IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT, persons with disabilities needing a special accommodation should contact ADA Court Coordinator at the Dade County Courthouse, Voice Telephone (305) 375-2006; Text Telephone: (305) 375-2007 not later than SEVEN days prior to the proceeding. | | |

Received this summons _____ , 20___ , and served same at

_____ o'clock ____ · _____ .M., _____ , 20___ , by

delivering a true copy thereof with a copy of the Complaint or initial pleading to:

the within named Defendant _____

Copy return _____          Sheriff of _____ County, Fla.

Service _____          by: _____
                                                          Deputy Sheriff
_____ Miles _____

IN THE CIRCUIT COURT OF THE 11<sup>th</sup>JUDICIAL CIRCUIT,
IN AND FOR MIAMI DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

FRANK A. RUBINO, ESQ, P.A.                  CASE NO.

       Plaintiffs,

                                  FLORIDA BAR NO. 0767697

vs.

JP MORGAN CHASE BANK, N.A and
JOHN DOE, individually,

       Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, FRANK A. RUBINO, ESQ, P.A., by and through undersigned counsel, allege:

### SUBJECT MATTER JURISDICTION

1. This is an action for damages in excess of $50,000.00 exclusive of costs, interest and attorney's fees and is thus within the subject matter jurisdiction of the circuit court.

### PARTIES- PERSONAL JURISDICTION

2. Plaintiff, FRANK A. RUBINO, ESQ, P.A., ("FRPA") is a Florida corporation doing business in Miami-Dade County, Florida operating as a law firm.

3. Defendant, JP MORGAN CHASE BANK, N.A ("Chase Bank") is a national banking association and foreign corporation that conducts and engages in business in Miami-Dade County, Florida and at all times material and relevant, Plaintiff's banking institution located at 1450 Brickell Avenue, Miami, Florida.

4. Upon information and belief, Defendant John Doe is a resident of Miami-Dade County, Florida and was doing business in Miami-Dade County, Florida.

1

## VENUE

5. Venue is proper in Miami-Dade County, Florida because:

- The material acts alleged in this lawsuit occurred in Miami-Dade County, Florida.

- Most, if not all of the parties, witnesses and/or evidence in this lawsuit reside in and/or are located in Miami-Dade County, Florida.

## GENERAL FACT ALLEGATIONS (COMMON TO ALL COUNTS)

6. In June 2023, FRPA was to receive a wire transfer in the amount of $100,00.00 from a client for legal services then being rendered by FRPA to that client.

7. FRPA gave its client FRPA's Chase Bank wire transfer information (relating to its account at Chase Bank) -account name/payee and account number, via email, in order to effectuate the payment towards legal fees (**Email 1**).

8. Close in time to that email transmission from (FRPA to its client), an email hacker created and transmitted another email (**Email 2**) - pretending to originate from FRPA – and sent it to the (same) client giving the same name – FRPA - to transfer/wire $100,000.00 but now changing the Chase Bank account number (for FRPA) to "correct" the account number identified in Email 1 claimed to be erroneous by the hacker. Email 2 provided a Chase Bank account number owned/controlled by the hacker but was still appeared payable to FRPA.

9. A new account was opened by the hacker at that time under a currently unknown name.

10. Not suspecting any fraud, FRPA's client generated the $100,000.00 wire transfer payable to FRPA, using the changed account number given by (the real) FRPA, and instead, directed it payable to FRPA at Chase Bank, but with the "new" (fraudulent) Chase bank account number from the hacker's then newly opened account at the same bank.

11. Chase Bank did not detect that the account number on Email 2 did not match to the name FRPA, and instead, credited the entire transfer funds to the hacker's account not in FRPA's name.

12. When FRPA did not get the funds by wire transfer, FRPA contacted its client who advised that it sent the wire transfer to FRPA on July 10, 2023 to the account listed in Email 2.

13. The client advised FRPA that it had received two emails from FRPA; the second one requesting that the client change the account number for the wire transfer to a different account number. Not suspecting fraud and believing that FRPA sent the several "corrective" email/instructions, the client proceeded to send the wire to what the client thought was the corrected account number.

14. Those changed account (instructions) in the Email 2 were obviously false and fraudulent and undetected by Chase Bank.

15. FRPA immediately contacted Chase Bank to report this theft and was advised that his client's $100,000.00 wire transfer had been routed to another account name and to a different Chase Bank account number not associated to Frank A. Rubino, Esq., P.A.

16. Chase Bank further informed that the hacker's newly opened Chase Bank account was shortly thereafter closed with the funds having just been withdrawn by that fraudster.

17. Plaintiff never received the funds sent by its client due to the false and fraudulent change in account number instructions.

18. Despite the history and magnitude of bank fraud and identity theft, Chase Bank failed to alert the Plaintiff of this last-minute account change or follow proper procedures or protocols to avoid this theft. In short, Chase Bank knew, or should have known that FRPA's account name

3

did not match with the account number on the wire from the thief to Chase Bank for the benefit of FRPA.

<b><u>COUNT I- NEGLIGENCE (AS TO CHASE)</u></b>

Plaintiff re-alleges paragraphs 1- 18 and further states:

19. As FRPA's banking institution, Chase Bank owed a duty to FRPA to ensure that its bank account(s) be safeguarded.

20. This included Chase Bank's duty to identify its then "new customer", conduct its due diligence on such "new" customer account and compare the name on the wire to the account number rather than blindly processing the transaction.

21. Once Chase Bank got the wire, had it compared the name/payee to the accountnumber it should have rejected and returned the wire transfer for lack of a match or call FRPA and/or the client to clarify the "mismatch".

22. But for that failure, the theft/diversion/conversion would not have occurred.

23. Chase Bank breached its duty by failing to exercise reasonable and ordinary care in failing to exercise due diligence in crediting the $100,000.00 wire to then recently opened account by comparing the account name – FRPA to the account number of the wire.

24. But for Chase Bank's negligence, Plaintiff's account would have been credited the $100,000.00 wire.

25. As a direct and proximate cause of Chase Bank's negligence, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff seeks judgment against the Defendant Chase Bank for its damages, plus costs and interest and all other relief deemed just and proper.

<b><u>COUNT II- BREACH OF FIDUCIARY DUTY (AS TO CHASE)</u></b>

Plaintiff re-alleges paragraphs 1-18 and further states:

4

26. As FRPA's banking institution, Chase Bank owed a duty to FRPA to ensure that its bank account(s) be safeguarded.

27. This included Chase Bank's duty to identify its then "new customer", conduct its due diligence on such "new" customer account and compare the name on the wire to the account number rather than blindly processing the transaction.

28. But for that failure, the theft/diversion/conversion of funds owed to FRPA would not have occurred.

29. Chase Bank breached its duty by failing to exercise reasonable and ordinary care in failing to exercise due diligence.

30. Plaintiff entrusted its monies to Chase Bank consistent with Chase Bank's fiduciary position and responsibilities as banking agent. Thus, Plaintiff was the beneficiary and Chase Bank was the fiduciary. By virtue of such, Plaintiff reposed trust in Chase Bank, and which Chase Bank accepted.

31. As a direct and proximate result of Chase Bank's breach of its fiduciary duty to Plaintiff, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff seeks judgment against the Defendant Chase Bank for its damages, plus costs and interest as well as all other relief deemed just and proper.

## COUNT III- FRAUD (AS TO JOHN DOE)

Plaintiff re-alleges paragraphs 1-18 and further states:

32. John Doe is an email hacker.

33. John Doe hacked FRPA's email and intercepted funds owed to FRPA.

5

34. John Doe then generated a fake email purporting to be FRPA and change the Chase Bank account number to match his/her then recently opened bank account via identify theft.

35. As soon as the wire hit the fraudster's account, the funds ($100,000.00) were withdrawn.

36. As a direct and proximate cause of this fraud, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff seeks judgment against the Defendant John Doe for its damages, plus costs and interest and all other relief deemed just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury in this cause.

Dated March 20th, 2024

> RICHARD J. DIAZ, P.A.
> 3127 Ponce de Leon Blvd.
> Coral Gables, FL  33134
> Telephone: (305) 444-7181
> Facsimile: (305) 444-8178
>
>              /s/ Richard J. Diaz
> By: _____
>              Richard J. Diaz, Esq.